UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

MITCHELL LEON FARKAS,

    Petitioner,

V.

GREGORY KIZZIAH, Warden,

    Respondent.

Civil No. 7: 18-43-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Mitchell Farkas has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Farkas argues that in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), his 2004 and 2006 federal sentences should not have been enhanced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA") based upon his prior burglary convictions.[1] [R. 1 at 3-8] The government has filed its response in opposition [R. 15] and Farkas has replied in further support [R. 18, 20].[2] This matter is ripe for decision.

**I**

Following a jury trial in Baton Rouge, Louisiana, Farkas was found guilty in October 2003 of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Ordinarily, such a conviction warrants a sentence of no more than 10 years. 18 U.S.C. § 924(a)(2). But if the defendant has three or more prior convictions for "serious drug offenses" or "violent felonies," the ACCA mandates a minimum sentence of imprisonment for 15 years or more. 18 U.S.C. § 924(e). The Presentence Investigation Report ("PSR") indicated that Farkas had five prior convictions in Louisiana for possession of stolen property; two convictions for being a felon in possession of a firearm; one conviction for simple escape; one conviction for aggravated burglary;

---

[1] Farkas also asserted two other grounds for relief in his petition, but the Court denied them upon initial screening. [R. 4, 9] The Court does not revisit that determination here.

[2] Farkas filed a second reply, which is not permitted by the Local Rules absent leave of Court. LR 7.1(c, g). The Court will nonetheless consider both submissions because Farkas proceeds *pro se*.

two convictions for burglary of an inhabited dwelling; and nineteen more convictions for residential and other species of burglary. The PSR concluded that three or more of these convictions qualified as ACCA predicate offenses, thus requiring a sentence of at least 180 months imprisonment. [R. 14 at 6-13] The trial court agreed, and in April 2004 sentenced Farkas to 293 months imprisonment at the high end of the guidelines range. *United States v. Farkas*, No. 01-91-JJB-SCR-1 (M. D. La. 2001).

Farkas challenged the ACCA enhancement on direct appeal, but the Fifth Circuit affirmed, noting that the Supreme Court's intervening decision in *United States v. Booker*, 543 U.S. 220 (2005) did not warrant a different result. *United States v. Farkas*, 134 F. App'x 672 (5th Cir. 2005). The United States Supreme Court declined further review. *Farkas v. United States*, 546 U.S. 925 (2005). Farkas collaterally attacked his conviction and sentences by motion under 28 U.S.C. § 2255, without success.

In a separate federal prosecution in Birmingham, Alabama, in March 2006 Farkas was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) based upon separate events occurring prior to the prosecution in Louisiana. Before trial, Farkas reached an agreement with the government to plead guilty to that charge. That court also found Farkas subject to the mandatory minimum term required by the ACCA because three or more of his prior convictions were for violent felonies. [R. 14-1 at 8-16] In October 2006 that court sentenced Farkas to 180 months imprisonment, that term to run concurrently with the federal sentence imposed in Louisiana. *United States v. Farkas*, No. 1:06-CR-119-UWC-JEO-1 (N. D. Ala. 2006).

While serving these sentences, in January 2010 Farkas pleaded guilty to stabbing another federal inmate with a dangerous weapon in violation of 18 U.S.C. § 113(a)(3). The federal court sentenced Farkas to an additional 24-month term of imprisonment to be served consecutively to his existing sentences. *United States v. Farkas*, No. 1:09-CR-113-IMK-1 (N.D. W.Va. 2009).

In 2014 Farkas sought habeas relief pursuant to 28 U.S.C. § 2241 in this Court, asserting that the enhancement of his sentence was improper under *Descamps v. United States*, 570 U.S. 254 (2013). The Court held that consistent with the weight of authority *Descamps* is not retroactively applicable to cases on collateral review. *Farkas v. Holland*, No. 6:14-150-DLB (E.D. Ky. 2014). Farkas appealed, and the Sixth Circuit affirmed. Without reaching the question of *Descamps'* retroactivity, the Sixth Circuit instead held that Farkas's claims were substantively without merit: "[Farkas's] multiple prior convictions for simple burglary under La. Rev. Stat.

§ 14:62 constitute convictions for generic burglary, meriting the armed career criminal sentencing enhancement." *Farkas v. Holland*, No. 15-5015 (6th Cir. 2015).

## II

In his petition, Farkas contends that the Louisiana burglary statutes are indivisible and are overbroad because they criminalize the burglary not merely of dwellings but also of cars and boats. [R. 1-1 at Page ID #15-16] The government's response consists of a generic discussion on the scope of § 2255(e)'s savings clause as interpreted by the various federal courts of appeal. [R. 15 at 3-15] It suggests that the Eleventh Circuit's narrower reading of the savings clause in *McCarthan v. Director Of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir.) (*en banc*), *cert. denied*, 138 S. Ct. 502 (Dec. 4, 2017) should be applied instead of the more expansive reading given to that provision by the Sixth Circuit set forth in *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016). Of course, this Court may not disregard controlling precedent from the Sixth Circuit. *Hutto v. Davis*, 454 U.S. 370, 376-77 (1982) ("... a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be."); *In re: Livingston*, 379 B. R. 711, 725 (Bankr. W.D. Mich. 2007) ("...district courts and bankruptcy courts within this circuit are bound by published Sixth Circuit decisions."), *rev'd on other grounds*, 422 B.R. 645 (W.D. Mich. 2009). The government does not discuss or analyze the substance of Farkas' contentions, instead only requesting that the Court "consider the exhibits, the arguments above and deny the relief sought by the Petitioner." [R. 15 at 15] The Court, having thoroughly reviewed the record and the submissions of the parties, concludes that Farkas has not properly pursued relief under § 2241 and that his claims are without merit.

As a threshold matter, a petitioner may only challenge the enhancement of his federal sentence in a § 2241 petition in a narrow set of circumstances. To qualify, the petitioner must (1) have been sentenced under a mandatory guidelines regime before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) rendered the Sentencing Guidelines merely advisory; (2) point to a Supreme Court decision - issued after the petitioner's sentence became final and which is retroactively applicable to cases on collateral review - which establishes that as a matter of statutory interpretation one or more of his prior convictions were not for offenses that could properly be used to enhance his federal sentence; and (3) establish that the new decision could not have been invoked in an initial or successive § 2255 motion. *Hill*, 836 F. 3d at 595, 599-600.

Farkas does not satisfy *Hill*'s second requirement. Although he refers to the Supreme Court's decisions in *Mathis*, his claims are not actually based upon it. *Mathis* explained that a statute is "divisible," hence permitting reference to *Shepard* materials, only if it establishes several different crimes by defining alternative elements; a statute which merely sets forth different ways to commit a single crime is not divisible. *Mathis*, 136 S. Ct. at 2248-50 (citing *Richardson v. United States*, 526 U.S. 813, 817 (1999)). But Farkas does not contend that the trial court actually committed an error of a kind revealed by *Mathis*: he does not allege that it incorrectly determined that his prior offenses were committed under divisible statutes or improperly consulted *Shepard* materials to decide whether his prior convictions were for violent felonies. He has therefore failed to establish that his claims are actually grounded upon *Mathis*. Accord *Potter v. United States*, 887 F.3d 785, 787-88 (6th Cir. 2018) (requiring § 2255 petitioner purportedly asserting a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015) to establish that trial court actually applied the since-invalidated residual clause when it imposed sentence). Farkas' nonspecific argument that the Louisiana burglary statutes proscribe a broader range of conduct than the generic offense is a claim under *Taylor v. United States*, 495 U.S. 575 (1990), not *Mathis*. Because Farkas could and therefore must have made this argument before the trial court at the sentencing hearing, on direct appeal, or in an initial motion under § 2255, he may not assert it in a § 2241 petition. *Hill*, 836 F. 3d at 599-600.

As the Sixth Circuit has previously noted, three or more of Farkas' Louisiana convictions for burglary qualify as violent felonies. The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year" that meets one of three requirements: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "elements clause"); (2) is burglary, arson, or extortion, or involves use of explosives" (the "enumerated offenses clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). The Supreme Court's decision in *Johnson* (2015) invalidated the residual clause, and burglary does not typically require the actual or threatened use of force as necessary to fall under the elements clause. Thus, if Farkas' Louisiana burglary convictions are to qualify as ACCA predicates, they must likely do so as generic burglary under the enumerated offenses clause.

First, in January 1988 Farkas burglarized a pawn shop while armed with a .357 Magnum pistol. Farkas pleaded guilty to one count of aggravated burglary in June 1988 and was sentenced

4

to one year and one day imprisonment in Livingston, Louisiana, Docket No. 7682. [R. 14 at 6-7] At the time of his offense conduct, Louisiana's aggravated burglary statute provided:

> A. Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, under any of the following circumstances:
>
> (1) If the offender is armed with a dangerous weapon.
>
> (2) If, after entering, the offender arms himself with a dangerous weapon.
>
> (3) If the offender commits a battery upon any person while in such place, or in entering or leaving such place.
>
> B. Whoever commits the crime of aggravated burglary shall be imprisoned at hard labor for not less than one nor more than thirty years.

La. Rev. Stat. § 14:60 (1987). The current version of the statute, enacted in 2014, defines the offense in functionally identical terms. Because the statute defines only a single offense, it is indivisible and the Court is limited to the terms of the statute itself to define the elements of the offense for which Farkas was convicted.

The Louisiana statute criminalizes the "unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present" under three circumstances. Farkas argues that Louisiana aggravated burglary is overbroad simply because it encompasses not merely "inhabited dwelling[s]", but also "any structure, water craft, or movable." But the Supreme Court has rejected this argument. In *Taylor v. United States*, 495 U.S. 575 (1990), the Supreme Court noted that while the common law definition of burglary excluded any structure that wasn't a dwelling, that definition is too narrow because "[t]he classic definition, by excluding all places other than dwellings, we said, has 'little relevance to modern law enforcement concerns.'" *United States v. Stitt*, 139 S. Ct. 399, 405 (2018) (quoting *Taylor* at 593). Instead the generic meaning of burglary, ascertained by reference to the prevailing definition of the burglary statutes in force in the many states when the ACCA was enacted in 1986, involves "... an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor*, 495 U.S. at 598.

In *Stitt*, the Supreme Court recently held that convictions under Tennessee's aggravated burglary statute qualified as ACCA predicates where the statute criminalized burglaries of

5

structures, other than dwellings, that were designed or adapted for use to accommodate persons. *Stitt*, 139 S. Ct. at 406. In doing so, it noted that the majority of state burglary statutes, including Louisiana's, extend to boats and vehicles used for such purposes. *Id*. at 406, 408 (Appendix). The Supreme Court noted that Congress extended burglary to structures beyond just dwellings because it "viewed burglary as an inherently dangerous crime because burglary 'creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate.'" *Id*. at 406 (quoting *Taylor* at 588). Louisiana's burglary statute does not require the structures to be specifically designed for lodging or customarily used for that purpose, but it does require that a person must be *actually present* in the structure for the aggravated burglary statute to apply. La. Rev. Stat. § 14:60, Reporter's Comment (1950) ("In cases involving a structure, water craft, or movable, however, it is necessary that someone be present when the crime is committed. If no one is present in such cases the crime can only be simple burglary."). And it cannot be gainsaid that a structure must be habitable if it is, in fact, inhabited when the offense is committed. In light of *Stitt*, Louisiana's statute, through its requirement that a person must be physically present if the burglary involves a structure other than a dwelling, qualifies as an ACCA predicate because the statute "clearly focus[es] upon circumstances where burglary is likely to present a serious risk of violence." *Stitt*, 139 S. Ct. at 407. Cf. *United States v. Miller*, No. 1:07-CR-451, 2016 WL 3952115, at *4-6 (N.D. Ohio July 22, 2016) (holding that Ohio's burglary statute, Ohio Rev. Code Ann. § 2911.12, which reaches homes, boats, planes, trains, and automobiles if "at the time any person is present or likely to be present," Ohio Rev. Code Ann. § 2909.01, constitutes an ACCA predicate).

Second, in September 1987 Farkas burglarized the home of David Emerson in Springfield, Louisiana. In January 1988, he burglarized Emerson's home a second time. The PSR indicates that in June 1988 Farkas pleaded guilty to two counts of "residential burglary," and was sentenced to one year and one day for each offense in Livingston, Louisiana, Docket No. 7683. [R. 14 at 6-7] In October 1988, Farkas was sentenced in Tangipahoa Parish, Louisiana, Docket No. 55546, to two years imprisonment for the August 1987 burglary of Ronnie Arnone's home. [R. 14 at 10-11] In August 1990 Farkas burglarized a home in Hammond, Louisiana, and was sentenced in January 1991 to ten years imprisonment for burglary of a residence in Docket No. 60759. [R. 14 at 11-12]

6

These four crimes were committed under Louisiana's simple burglary statute,[3] which defines the offense as "the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein ..." La. Rev. Stat. § 14:62(A) (1988).

Louisiana's simple burglary statute is indivisible because the various places where the offense may be committed are set forth merely as different means of committing a single offense, not distinct elements of separate offenses. The statute also sets forth only one punishment for the crime regardless of where committed. Therefore, the categorical approach applies. *Mathis*, 136 S. Ct. at 2256; *United States v. Hamilton*, 235 F. Supp. 3d 1229, 1243-44 (N.D Okl. 2017) ("... the listed locations [in § 14:62] are means under the reasoning in *Mathis*. Thus, the categorical approach applies."). Looking at the scope of conduct covered by § 14:62, the statute sweeps more broadly than generic burglary through its inclusion of structures beyond dwellings. Cf. *United States v. Cutley*, 476 F. App'x 429, 430 (5th Cir. 2011) (noting that § 14:62 "applies to unauthorized entry into not only buildings or structures but also vehicles, watercraft, and cemeteries."). Unlike the aggravated burglary statutes in Louisiana and Ohio, simple burglary in Louisiana does not require a person to be present when the burglary is committed or the non-residential structures to be designed for or accommodated to habitation. Thus, even though Farkas' four convictions actually involved burglarizing someone's home, because the statute is indivisible *Mathis* requires the Court to cast a blind eye to the *Shepard* documents which make that plain. Accordingly, the four simple burglary convictions do not qualify as generic burglary to support an ACCA enhancement. *Hamilton*, 235 F. Supp. 3d at 1244-45, *aff'd*, 889 F. 3d 688 (10th Cir. 2018).[4]

---

[3] The PSR strongly suggests that these convictions were imposed under Louisiana's simple burglary statute, La. Stat. Ann. § 14:62, rather than under its separate statute for "simple burglary of an inhabited dwelling," La. Stat. Ann. § 14:62.2. The PSR describes these four convictions as either a simple burglary committed in a home or as "residential burglary." Elsewhere, the PSR refers to two other convictions as ones for "simple burglary of an inhabited dwelling," a phrase that exactly matches the title of § 14:62.2. The Court assumes that the PSR does not use that same descriptive language for these four convictions because they were merely for simple burglary under § 14:62.

[4] This might actually be closer question than it seems at first blush. On appeal in *Hamilton*, the government conceded that a Louisiana conviction for simple burglary cannot be a violent felony. 889 F. 3d at 691 n.1. Instead, it argued that Hamilton's Oklahoma conviction for burglary was a violent felony because Oklahoma courts treat their statute's locational alternatives as elements by requiring that the location be set forth specifically in the indictment. *Id*. at 693. Like Oklahoma, the Louisiana Supreme Court has held that its constitution requires the location of the burglary to be set forth in the indictment to provide due process and avoid double jeopardy concerns. *State v. Clark*, 288 So. 2d 612, 615-16 (La. 1974); see also *State v. Broussard*, 98 So. 2d 218, 224 (La. 1957). And Louisiana has long required that the location burglarized must be specified in the jury instructions. *Id*.; Louisiana Criminal Jury Instructions and Procedures § 10:88 (Feb. 2019). In *Hamilton*, the Tenth Circuit concluded that the guidance from the Oklahoma courts

Third, in December 1987 Farkas burglarized two different homes in Natalbany and Hammond, Louisiana on two different dates. In October 1988 Farkas pleaded guilty to two counts of simple burglary of an inhabited dwelling, and was sentenced to two years imprisonment on each count in Livingston, Louisiana, Docket No. 55547. [R. 14 at 10-11] At the time of his offenses, the pertinent statute provided that:

> Simple burglary of an inhabited home is the unauthorized entry of any inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein, other than as set forth in [La. Rev. Stat. 14:60].

La. Rev. Stat. § 14:62.2 (1978). The statute imposes a single range of punishment for one to twelve years imprisonment. The statute is therefore indivisible. *United States v. Melancon*, No. 13-132-SDD-EWD, 2016 WL 5661769, at *2 (M.D. La. Sept. 29, 2016) ("The Louisiana statute proscribing burglary of an inhabited dwelling sets forth a single ("indivisible") set of elements defining that crime. ...The statute is indivisible because it defines a single crime with a single set of elements."); *Moses v. United States*, No. 3:16-cv-894, 2017 WL 3842139, at *4 (W.D. La. July 3, 2017) ("... there is no call for departing from a categorical approach to this offense, as the alternatives are clearly means rather than elements.").

However, even by looking solely at the elements set forth in the statute "[i]t is clear upon application of the 'categorical approach' to La. R.S. 14:62.2, that the elements of the Louisiana crime of simple burglary of inhabited dwelling match those for generic burglary."). *Melancon* at *2. Other federal courts have consistently reached the same result after *Mathis*:

> Louisiana's simple burglary of an inhabited dwelling offense thus reflects the generic contemporary meaning of burglary because it has as its basic elements: (1) the unauthorized entry; (2) into a building or structure; (3) with the intent to commit a crime. It therefore, qualifies as a violent felony under the enumerated clause of the ACCA.

*United States v. Mumphrey*, No. CR 12-72-BAJ-EWD, 2017 WL 5015511, at *2 (M.D. La. Nov. 2, 2017). See also *Moses*, 2017 WL 3842139, at *3-4; *United States v. Barrett*, Crim. No. 7-00058-BAJ-RLB, 2019 WL 2450918, at *3 (M.D. La. June 12, 2019) (stating that "Louisiana's

---

was equivocal as to whether the location of the burglary was, in fact, an element of the offense, and thus declined to treat such a conviction as an ACCA predicate. *Hamilton*, 889 F.3d at 692-96. As for this case, it does appear that Louisiana may treat the location as an element of the offense which must be set forth in the indictment and proved to the jury. Absent a more definitive statement from the Louisiana courts, the Court will assume that locations are merely means, but another court could reasonably conclude otherwise.

codification of simple burglary [in La. R.S. § 14:62.2] is nearly identical to the generic burglary description offered under the ACCA" and holding that burglary of an inhabited dwelling is a violent felony under the ACCA); *United States v. Williams*, No. 13-146, 2016 WL 792431, at *5 (W.D. La. Feb. 29, 2016) ("The Defendant's two felony convictions for burglary of an inhabited dwelling fall under the enumerated offenses clause of Section 924(e)(2)(B)(ii) of the ACCA."). Because Louisiana's crime of simple burglary of inhabited dwelling matches the generic version of the offense of burglary, Farkas' two convictions under La. R.S. § 14:62.2 qualify as violent felonies. Even assuming his convictions for simple burglary do not qualify, when combined with his conviction for aggravated burglary, Farkas had three or more convictions to warrant application of the ACCA.

### III

Having concluded that Farkas' claims are not properly before the Court in this § 2241 proceeding and that three or more of his prior convictions for burglary qualify as violent felonies under the enumerated offenses clause, his petition must be denied.

Accordingly, it is **ORDERED** as follows:

1. The Court **DENIES AS MOOT** the motion of Mitchell Farkas to hold this case in abeyance pending the Supreme Court's decision in *Stitt* [R. 21].

2. The Court **DENIES** the habeas corpus petition of Mitchell Farkas [R. 1] with respect to all issues raised in this proceeding.

3. The Court shall enter Judgment contemporaneously with this opinion.

4. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated July 16, 2019.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY